J. E. OPPENHEIMER, Respondent, *v.* FIRST NA-
TIONAL BANK OF BUTTE, Appellant.

[Submitted Oct. 6, 1897.      Decided Oct. 11, 1897.]

*Assignment of Bank Deposits—Garnishment.*

1. Assignment of Bank Deposit.—An agreement made by "F," whereby he trans-
fers moneys on deposit in a bank to his creditor, upon the acceptance by the credit-
or becomes an assignment of the deposit.
2. Same.—An assignment of money in deposit in a bank need not be in writing, and
the consent of the bank is not necessary to make it valid as between the parties.
3. Bank Deposit—*Garnishment*—One who attaches money on deposit, obtains no
better title to the same than that of the defendant at the time of the levy.

*Appeal from District Court, Silver Bow county.      William
O. Speer, Judge.*

Action by J. E. Oppenheimer against the First National
Bank of Butte.   From a judgment for plaintiff, and an order
denying its motion for new trial, defendant appeals.   Re-
versed.

Statement of the case by the justice delivering the opinion.

Freyschlag, Huffman & Co., a mercantile corporation doing
business at Philipsburg, Montana, was on the verge of insol-
vency, and at the time indebted in a large amount to the bank-
ing co-partnership of Hyde, Freyschlag & Co., of the same
town.   On September 27, 1893, a member of the last-men-
tioned firm called upon the vice president of the corporation
(who was in full charge of its business), and asked for the
payment of the indebtedness aforesaid.   This officer of the
corporation replied that the only money it had was the sum of
$2,280.67, on deposit in the First National Bank of Butte,
Montana.   At the request of the member of the firm, he con-
sented to transfer said sum as a payment on the account.
Entries were made on the respective books of the firm and
corporation showing this transaction, and immediately prior
to the making of such entries the vice president of the cor-

poration signed and sent a cipher telegram to the Butte bank, which was received on the day it was sent, namely September 27th.

The telegram, as sent, was as follows: "Philipsburg, September 27, '93. Charge our account twenty-two eighty, sixty-seven, and credit account of Hyde, Freyschlag & Co. Remittances by mail. Freyschlag, Huffman & Co."

The officers of the Butte bank were in doubt, from one ambiguous word in the telegram, whether it directed the transfer of $2,280.67 or $2,980.67. At the time, the mercantile corporation had to its credit in the Butte bank $1,900 only, but within a short period, remittances having been forwarded by it, its credit was $2,280.67 within a few cents. Being in doubt as to the amount specified in the dispatch, and unwilling to allow the corporation an overdraft, and through what happened subsequently, the Butte bank never made the entries of transfer on its books.

On September 29th the First National Bank of Butte was served with a notice of garnishment in the suit of plaintiff herein against the mercantile corporation, his debtor, as defendant. In the early part of October, after the service of the notice of garnishment, the ambiguity in the telegram as to the amount of money specified was explained to the Butte bank by the Philipsburg firm. In answer to the garnishment the Butte bank stated it had no funds to the credit of the mercantile corporation.

This action was against the defendant herein to compel it to pay plaintiff the amount of his claim against the mercantile corporation. The case was tried to the court without a jury, who rendered a decision in favor of plaintiff. From the judgment and order denying a motion for a new trial this appeal is taken.

*Forbis & Forbis,* for Appellant.

"In order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is

necessary. * * * * Any order, writing or act which makes an appropriation of a fund amounts to an equitable assignment of the fund.''

"An oral or written declaration may consequently be as effectual as the most formal instrument and pass the right to an obligation under seal or of record.'' (Vol. I. Am. & Eng. Encyclopedia of Law, p. 835, 1st Ed.)

The court also, in the same finding, says :

"No notice was given the bank of any assignment or transfer of the fund, except the telegram mentioned, prior to the attachment of the funds on the 29th of September.''

We submit that no notice was necessary prior to the 29th of September. Notice is no part of the assignment, which can be absolutely good and valid as between the parties without notice, and is required simply to protect innocent parties. An attaching creditor is not an innocent purchaser in the eyes of the law, but he only takes the same interest in the property attached which the attachment debtor had at the time of the levy of the attachment. (2 Wade on Attachment, Section 410.)

It is not essential in order to bind a debtor that he should have received notice of the assignment of a chose in action prior to the service of summons in garnishment, nor even that he should be so notified prior to his answer in the proceeding. When he is notified after answering, or any time prior to judgment, so as to bring such assignment to the attention of the court, it is a duty to do so and thereby protect himself. (2 Wade on Attachment, Sec. 472; 32 Pac. 755; 1st Am. & Eng. Enc. of Law, p. 841; *Muir* v. *Schenck & Robinson*, 38 Am. Dec. 633-635; *Elijah Dix, et al.*, v. *Samuel Cobb, et al.*, 4 Mass. 507; *Smith* v. *Blatchford*, 52 Am. Dec. 505.

The transaction in this case constituted a good assignment. *Central Nat'l Bank* v. *Spratlen*, 43 Pac. 1048; *Warren* v. *First Nat'l Bank*, 25 L. R. A. 746.

*Stephen De Wolf*, for Respondent.

Citing, *Bank* v. *Millard*, 10 Wal. 155, Am. & Eng. Enc.

of Law vol. II. 2nd Ed. p. 1062-1065; *Christmas* v. *Russell*, 14 Wal. 67; *Cushman* v. *Harrison*, 90 Cal. 297; *Duncan* v. *Berlin*, 60 N. Y. 151; *Dana* v. *Bank*, 13 Allen 445; *Yardley* v. *Bank*, 55 Fed. 850; *Aetna Bank* v. *Fourth National Bank*, 46 N. Y. 82; *Hains* v. *Clark*, 3 Comstock, 93; *Jones* v. *Pacific Lumber Co.*, 13 Nevada, 359; *Dana* v. *Bank*, 13 Allen, 445; *Bullard* v. *Randall*, 1 Grey, 605; *Attorney General* v. *Insurance Co.*, 71 N. Y., 325; *Harris* v. *Clark*, 3 N. Y., 115; *Chapman* v. *White*, 6 N. Y., 416; *Lloyd* v. *Caffrey*, 46 Pa. State, 410; *Ballard* v. *Randall*, 1 Grey 605; *Mayer* v. *Bank*, 51 Georgia, 325; *Brill* v. *Tuttle*, 81 N. Y. 460; *Bush* v. *Foote*, 38 Am. Rep. 311; *Jones* v. *Flume C.*, 29 Am. Rep. 310.

BUCK, J.—There is no dispute in the evidence as to the facts contained in the statement.

The appellant maintains that there was no attempt to assign the bank account through the instrumentality of the telegram; that it was only a notice of what was done, and that the agreement, and what was done at the time of sending the telegram or immediately subsequent thereto, constituted an equitable assignment by the mercantile corporation of the moneys to its credit in the Butte bank.

The respondent, on the other hand, contends that, if there was any assignment, it must depend on the telegram alone, and that, the same being in the nature of a check or bill of exchange, and never having been accepted by the Butte bank, it in no wise assigned or passed title to the funds on deposit there.

We are of the opinion that there was an assignment, and that the telegram was simply a notice to the Butte bank of such assignment. The managing officer of the corporation agreed to transfer to the co-partnership the moneys it had on deposit in the Butte bank, and the entries on the books of the two showed that this agreement was carried out in so far as it could be executed at the time. The co-partnership credited the corporation with the sum deposited in the First National Bank of Butte, and the corporation charged the former

on its books with that sum.   It was not essential to the assignment that it should have been in writing.   See *Risley* v. *Bank*, 83 N. Y. 318.   Nor was it necessary that the Butte bank should have consented to the assignment in order to render it valid as between the assignor and assignee.   See *Merchants & Miners' Bank* v.   *Barnes*, 18 Montana 335, 45 Pac. 218; also *State ex rel.* v.   *Conrow*, 19 Montana 104, 47 Pac. 640.

Of course, if the assignment depended on the telegram alone, it would have been inoperative, because, as respondent correctly claims, so long as its directions were not obeyed by the Butte bank, it was only in the nature of an unaccepted check or bill of exchange.   But the manifest intention of the parties to this transaction was to turn over and assign all the moneys the mercantile corporation had then to its credit (and would have through immediate remittances) in the Butte bank, and this intention could hardly have been made more manifest than it was by the acts of the parties in making the entries on their books.   In support of our conclusion we cite *Risley* v. *Bank*, *supra*, *Coates* v. *Bank*, 91 N. Y. 20, and *Fourth Street Bank* v.   *Yardley*, 165 U. S. 634, 17 Sup. Ct. 439.   When plaintiff served his notice of garnishment, he acquired no better title than his debtor possessed to the bank account at the date of said service.

The judgment is reversed and the case remanded, with directions to the lower court to render judgment in favor of appellant.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.