AMERICAN SURETY COMPANY OF NEW YORK, Respond-
ENT, *v.* KARTOWITZ, Appellant.

(No. 3,794.)

(Submitted July 3, 1917. Decided July 6, 1917.)

[166 Pac. 685.]

*Attachment—Nature of Remedy—Prerequisites—Pleading and
Practice—Complaint—Amendment—Effect—Demurrer.*

Attachment—Nature of Remedy.
    1.   Attachment is a provisional remedy, ancillary to the civil action
in which it is issued.
Same—Time of Issuance.
    2.   The writ of attachment may issue at the time of issuing summons,
or thereafter, but not before.
Same—Prerequisites to Issuance.
    3.   The necessary requisites for an attachment are the pendency of
an action on a contract, express or implied, for the direct payment
of money, and an outstanding valid summons issued in such action.
    [As to proceedings to dismiss an attachment, see note in 123 **Am. St.
Rep.** 1028.]

Pleading—Complaint—Effect of Amendment.
    4.   An amended complaint filed after a demurrer to the original one
had been sustained and leave to amend granted, supersedes the
original pleading and all issues are thereafter determinable as of the
date of the commencement of the action, in the absence of supple-
mental pleadings.
Attachment—Dissolution—Effect of Sustaining Demurrer to Complaint.
    5.   Where the time within which plaintiff had been granted leave to
amend his complaint held insufficient on general demurrer, had not
expired, and it was not apparent that the pleading could not be so
amended as to properly state the same cause of action ineffectively
attempted to be stated in the first instance, motion to discharge an
attachment issued at the time the action was commenced, *held* properly
denied.

*Appeal from District Court, Hill County, in the Twelfth Judi-
cial District; Charles L. Crum, Judge of the Fifteenth District,
presiding.*

ACTION by the American Surety Company of New York
against Herman F. Kartowitz. From an order denying a motion
to discharge an attachment, defendant appeals. Affirmed.

*Messrs. Stranahan & Stranahan,* for Appellant, submitted a brief; *Mr. C. R. Stranahan* argued the cause orally.

*Mr. H. S. Kline* and *Mr. John H. Lewis,* for Respondent, submitted a brief; *Mr. Charles B. Elwell,* of Counsel, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The original complaint in this action set forth that plaintiff became surety for defendant on a guardian's bond required of him by the county court of Ward county, North Dakota; that, in consideration of it becoming such surety, defendant agreed to indemnify and save it harmless from all liability; that defendant failed in this behalf; that plaintiff was compelled to and did pay a judgment for $1,800 and costs and expenses, amounting to $177, recovered in an action brought against the guardian and this plaintiff; and that defendant has not repaid such amount, or any part thereof, though often requested so to do. At the time the action was commenced the plaintiff secured a writ of attachment to be issued. The trial court sustained a general demurrer to this complaint and granted plaintiff twenty days within which to amend. Before the amended complaint was filed, and within the twenty days allowed for the amendment, defendant moved the court to discharge the attachment. The motion was denied, and defendant appealed from the order.

It is the contention of appellant that, when the demurrer to the original complaint was sustained, the attachment should have been discharged, since there was not then any complaint in the action, and therefore nothing to support the attachment.

Under our Codes, attachment is a provisional remedy in a [1, 2] civil action; it is ancillary to the action in which it is issued. The writ may issue at the time of issuing summons, or thereafter, but not before. (Sec. 6656, Rev. Codes.) The [3] necessary requisites for an attachment are: First, the pendency of an action on a contract, express or implied, for the

direct payment of money; and, second, an outstanding valid summons issued in such action. (*Duluth B. & M. Co.* v. *Allen,* 51 Mont. 89, 149 Pac. 494.) A civil action is commenced in a court of record by filing a complaint (secs. 6457, 6513, Rev. [4] Codes), but the effect of sustaining a demurrer to the complaint is not to terminate the action. Section 6591, Revised Codes, provides that, when a demurrer is sustained, the court may in its discretion allow the pleader in fault to amend, and that discretion was exercised in plaintiff's favor in this instance. When the amended complaint is filed, it supersedes the original (*Ben Kress Nursery Co.* v. *Oregon Nursery Co.,* 45 Mont. 494, 124 Pac. 475), and all issues are then determinable as of the date of the commencement of the action, in the absence of supplemental pleadings.

No fault is found with the summons issued in this action; so [5] that, betweeen the date when the demurrer was sustained and the amended complaint was filed, there was still pending an action upon a contract for the direct payment of money, in which a valid summons had been issued at or prior to the time the writ of attachment was secured. This would seem to determine the correctness of the trial court's ruling upon the motion to discharge; but appellant insists that this court has held that to support an attachment there must be on file in the action a complaint which states a cause of action for the recovery of money upon a contract, express or implied, and cites *Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938, and *Kyle* v. *Chester,* 42 Mont. 522, 37 L. R. A. (n. s.) 230, 113 Pac. 749. In the first of these cases this court dismissed the subject now under consideration with these remarks: "The question as to the action of the court in dissolving the attachment which was issued at the time the suit was commenced becomes immaterial under the conclusions that we have reached upon the appeal from the judgment. If the complaint did not state facts sufficient to constitute a cause of action, no attachment could be maintained." *Kyle* v. *Chester* was an action in tort, and in sustaining an order of the trial

court discharging an attachment which had been issued this court said: "But the court must look to the complaint to ascertain whether it states a cause of action in contract, express or implied. The fundamental question is whether the complaint states such a cause of action. As this complaint does not, the attachment was properly discharged."

The observation in each instance was peculiarly pertinent as applied to the facts then under consideration. In the *Plymouth Case* a demurrer was sustained to the complaint, and plaintiffs, electing to stand on their pleading, suffered judgment to be taken against them, and appealed therefrom. It was then too late to amend, if by amendment a good cause of action could have been stated without changing the cause of action. In *Kyle* v. *Chester* the complaint disclosed on its face that it could not be amended to state a cause of action upon a contract; so that neither case is authority for the principle for which appellant herein contends.

In *Clark* v. *Oregon Short Line R. R. Co.*, 38 Mont. 177, 99 Pac. 298, the decision of this court is aptly stated in the syllabus as follows: "An action is 'commenced,' within the meaning of section 6457, Revised Codes, and the operation of the statute of limitations is thereby arrested, by filing a complaint to which a general demurrer is afterward sustained, provided the pleading is sufficiently substantial to allow of its being properly amended so as to fully state the same cause of action attempted to be stated in the first instance." Upon principle, that case is in point here.

Under similar statutory provisions the supreme court of California has held that the attachment should not be dissolved unless the complaint cannot be amended to state a proper cause of action. The court said: "The claim that the complaint does not state a cause of action, and that the attachment should have been dissolved for that reason, cannot be sustained. Unless the complaint shows upon its face that the plaintiff has no cause of action with the help of an amendment, the attachment should not be dissolved. If the complaint is defective merely, and can

be made good by amendment, the plaintiff should be allowed to amend before the decision of the motion to dissolve; but, if the complaint is incurable, the attachment must be dissolved." (*Hathaway* v. *Davis,* 33 Cal. 161.)

In view of our liberal statute of amendments (sec. 6589, Rev. Codes), and the provision in section 6683, Revised Codes, permitting the affidavit or undertaking on attachment to be amended, the language of the California court above expresses our views of the rule which should prevail here.

Assuming, without deciding, that the court below was justified in sustaining the demurrer to the original complaint, it cannot be said that·it is made apparent that the same cause of action attempted to be stated, cannot be properly pleaded in an amended complaint.   The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.