[Civ. No. 2836. First Appellate District, Division One.—April 29, 1919.]

L. J. STRADLEY, Respondent, v. UNION TRUST COMPANY OF SAN FRANCISCO (a Corporation), Defendant; DELANO–ROCHDALE CO., Intervener and Appellant.

[1] BANKS AND BANKING—DEPOSIT IN NAME OF PAYEE OF NOTE—TITLE TO MONEY.—Where the maker of a promissory note deposits the amount of the note in a savings bank in the name of the payee and then sends the pass-book to the latter, accompanied by a letter notifying him that the deposit is made to repay the indebtedness, upon receipt of which the payee returns the promissory note to the maker, the latter parts with the title to the money and cannot set up any claim to it.

[2] ID.—RIGHTS OF ATTACHING CREDITOR.—The person making such bank deposit having no claim to the money, his attaching creditor is in no better position.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Kaye and Kaye & Siemon for Appellant.

Herbert Choynski and James Raleigh Kelly for Respondent.

NOURSE, J., pro tem.—The plaintiff, L. J. Stradley, brought an action against the Union Trust Company of San Francisco to recover a deposit of three thousand six hundred dollars held by said defendant. The Delano-Rochdale Company having previously attached the account in an action instituted by it against B. F. Stradley, a brother of plaintiff, intervened in this action, claiming that the money deposited with the defendant bank was in fact the property of B. F. Stradley. The money in dispute having been paid into court the action was dismissed as to the defendant bank, and, judgment going for plaintiff, the intervener brings this appeal.

1. Negotiability of pass-books, note, 105 Am. St. Rep. 743.
   41 Cal. App.—2

The facts are that B. F. Stradley, being indebted to his brother for something like $3,997, evidenced by his promissory note, deposited four thousand dollars in the savings department of the defendant bank in the name of his brother, L. J. Stradley. When making the deposit he signed the name of L. J. Stradley, and did not at any time disclose to the bank that he was not the party in whose name the deposit was made. He then sent the pass-book to his brother, accompanied by a letter notifying him that the deposit was made to repay his indebtedness. Upon the receipt of the pass-book and letter L. J. Stradley returned to B. F. the promissory note of the latter. Some time thereafter B. F. Stradley wrote to his brother for money, and the brother mailed to him the pass-book covering the four thousand dollars so deposited. With this pass-book B. F. Stradley withdrew from the account four hundred dollars, signing his brother's name for that purpose.

Thereafter the intervener commenced an action against B. F. Stradley and attached the account.

The whole question involved is whether at the time of this levy the money belonged to L. J. Stradley, in whose name it was deposited, or to B. F. Stradley, who actually made the deposit in his brother's name.

[1] Whatever title B. F. Stradley had he parted with when he delivered his pass-book to his brother and received his canceled note paid through the medium of this transaction. As between the two brothers there can be no doubt that the money belonged to L. J. Stradley, and that B. F. could not set up any claim to it, especially after he had delivered the pass-book and received the note in exchange. [2] As far as L. J. Stradley is concerned, the attaching creditor is in no better position.

The trial court had ample evidence to sustain the finding that the money was not the property of B. F. Stradley, but that the deposit was made in the name of, and for the use and benefit of, the plaintiff. Judgment properly went for plaintiff and it is accordingly affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1919.

Angellotti, C. J., Shaw, J., Wilbur, J., and Olney, J., being all the Justices present, concurred.