CAROLYN E. SOUTHARD, Plaintiff, *v.* LOUIS KEITH SOUTHARD, Defendant.

Supreme Court, New York County, December 12, 1928.

*Hays, Hirshfield & Wolf,* for the plaintiff.

*McKercher & Link,* for the defendant.

PETERS, J. This is an application for summary judgment under rule 113 of the Rules of Civil Practice, which reads in part as follows: " When an answer is served in an action to recover a debt or liquidated demand arising, 1. on a contract, express or implied, sealed or not sealed; or 2. on a judgment for a stated sum; the answer may be struck out and judgment entered thereon on motion."

The plaintiff herein has secured a judgment of divorce from the defendant in the Probate Court of Middlesex county, Commonwealth of Massachusetts, and there has accrued a balance of unpaid alimony directed to be paid by such decree amounting to the sum of $4,949.88. The plaintiff sues on this foreign judgment in this State demanding judgment against the defendant for the above-mentioned sum, with interest from the respective due dates of each payment remaining unpaid.

The plaintiff insists that this judgment is a contract, express or implied, and that she is, therefore, entitled to summary judgment under subdivision 1 of the rule in the absence of a proper affidavit. The answer to this, however, is that if the learned judges who adopted the Rules of Civil Practice had intended that applications for summary judgment in an action upon a judgment should be applied for under subdivision (1) of rule 113, they would not have adopted the second subdivision of that rule, for there would have been no necessity for such action. Defendant does not interpose an answering affidavit but stands upon the proposition that a judgment in a matrimonial

action awarding expenses and alimony is not a judgment for a stated sum. A decree in such an action may be modified from time to time by the court, and, irrespective of whether or not it is so modified, the amount to be paid under the judgment can never be determined until the alimony ceases, due to the death of the plaintiff or otherwise.

A judgment, therefore, of the nature of that sued upon herein is not a judgment for a stated sum, and the motion must, therefore, be denied, with ten dollars costs.