SHORT ET AL., RESPONDENTS, *v.* KARNOP ET AL., APPELLANTS.

(No. 6,394.)

(Submitted February 15, 1929.   Decided March 6, 1929.)

[275 Pac. 278.]

*Mr. R. L. Daems,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Freeman, Thelen & Freeman,* for Respondents, submitted a brief; *Mr. Ernest Abel,* of counsel, argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In October, 1927, Earl C. Short and wife brought action to quiet title to a certain house and lot in Lewistown, Fergus

county, naming Karnop and Beley, a copartnership doing business in Harlowton, Wheatland county, as defendants. The defendants answered claiming a lien upon the property, and, issue being joined, the cause was submitted to the court on an agreed statement of facts. On the facts submitted, the court entered judgment in favor of the plaintiffs, and defendants have appealed.

Briefly stated, the facts are as follows: In May, 1917, Svend J. Salte was the owner of and held record title to, the house and lot in question, and entered into a contract to sell the property to one C. W. Hackett on deferred payments, in conformity with which he executed and placed in escrow a deed for the property. Hackett went into possession of the premises and remained in possession until July 11, 1927, when he made final payment under the contract, secured his deed and placed it of record, and sold the property to plaintiffs, who immediately took possession. The deed from Hackett to plaintiffs was recorded September 6, 1927.

On December 22, 1921, Salte assigned the Hackett contract to one Williams, and thereafter held the bare paper title evidenced by his recorded deed. No instrument affecting the title was placed of record subsequent to the time Salte acquired title, until the recording of his deed to Hackett on July 11, 1927. On May 11, 1927, defendants attached the property standing of record in the name of Salte, in an action for debt commenced against Salte, at which time defendants had no actual notice that anyone except Salte owned or had any interest in the property. Thereafter defendants secured judgment against Salte. Defendants do not deny or dispute plaintiffs' ownership of the property, but assert that their title is subject to the attachment. Whether or not this is so is the sole question presented by this appeal; its solution depends upon the construction to be placed upon the recording statutes and those dealing with attachment.

Relying upon the provisions of section 6935, Revised Codes of 1921, counsel for defendants contends that all instruments

affecting the title to the land standing of record in the name of Salte are void as against the lien of the attachment, as none of them were recorded prior to the levy of the attachment.

Section 6935 declares that: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void against any subsequent purchaser or encumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." This section is preceded by the provision that recorded conveyances give constructive notice of their contents to subsequent "purchasers and mortgagees" (sec. 6934), and is followed by the declaration that "the term 'conveyance,' as used in the two preceding sections, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to real property may be affected, except wills." (Sec. 6936.) This latter section was enacted to make plain the meaning of the provisions touching recordation. (*Estate of Tuohy*, 23 Mont. 305, 58 Pac. 722.) The definition thus given for our guidance is broad enough to include the contract for sale between Salte and Hackett and the assignment thereof from Salte to Williams, and these instruments were, therefore, at the time of the levy of the attachment, void as against subsequent purchasers and encumbrancers in good faith and for a valuable consideration, unless the latter were charged with notice by reason of possession by the holder of the unrecorded title. (*Sheldon* v. *Powell*, 31 Mont. 249, 107 Am. St. Rep. 429, 78 Pac. 491; *Custer Consolidated Mines Co.* v. *City of Helena*, 52 Mont. 35, 156 Pac. 1090.)

The question then arises as to whether or not the provisions of section 6935 operate in favor of an attaching creditor. This section has been on the books since 1887 and was evidently taken from California, as the wording is identical with the corresponding section in that state, except that the word "en-

cumbrancers'' appears in our statute in the place of ''mortgagees'' in the California provision; while it will be noted that section 6934 follows the exact wording of the California statute, it refers to ''purchasers and mortgagees'' instead of ''purchasers and encumbrancers.''

Prior to the enactment of our statute it was held in California that, under their provision, an attachment was ineffective as against property already sold, although the deed was not recorded. (*Plant* v. *Smythe,* 45 Cal. 161; *Hoag* v. *Howard,* 55 Cal. 564.)

Conceding that our statute was taken from California, the manifest intention in substituting encumbrancers'' for ''mortgagees'' was to broaden the scope of the statute, as the term ''encumbrances'' includes mortgages and all liens upon an estate which may diminish its value. (20 C. J. 1250.)

The levy of a writ of attachment creates a lien upon legally attached property, but as it is purely of statutory origin (*Duluth Brewing Co.* v. *Allen,* 51 Mont. 89, 149 Pac. 494), its scope, purpose, and effect, its capacity to create a lien, and the efficacy of the lien are not other or greater than the statute has prescribed. (*Hallidie* v. *Enginger,* 175 Cal. 505, 166 Pac. 1.)

Under our statute, attachment is a provisional remedy ancillary to the civil action in which it is issued (*American Surety Co.* v. *Kartowitz,* 54 Mont. 92, 166 Pac. 685); it but impounds and conserves the property as security for the satisfaction of any judgment that may be recovered (sec. 9256, Rev. Codes of 1921; 6 C. J. 33), and, generally the lien attaches only upon the title which the attachment debtor has in the property at the time of the levy, and if, at that time, all title and interest therein has in fact passed to a third person, the creditor gets nothing by the levy; no lien is created. (*Stradley* v. *Union Trust Co.,* 41 Cal. App. 17, 181 Pac. 823; Drake on Attachment, 7th ed., sec. 234.) There is an exception made to this rule where a statute makes the transfer void as to *creditors* of the transferrer. (*National*

*Bank* v. *Western Pacific R. Co.*, 157 Cal. 573, 21 Ann. Cas. 1391, 27 L. R. A. (n. s.) 987, 108 Pac. 676.)

As the lien of the attachment but seizes upon that which the debtor owns to hold it as security for the satisfaction of such judgment as may thereafter be secured, can it be said that even the broad term "encumbrancers" includes attaching creditors? We think not. It has been heretofore clearly intimated that an attaching creditor is neither a bona fide purchaser nor an encumbrancer of the attached property, and therefore succeeds to and acquires only the rights of his debtor, at the time of the levy. (*Oppenheimer* v. *First National Bank,* 20 Mont. 192, 50 Pac. 419; *Yank* v. *Bordeaux,* 23 Mont. 205, 75 Am. St. Rep. 522, 58 Pac. 42.)

In the absence of a clearly expressed intention on the part of the legislature to extend the provisions of section 6935, above, to attaching creditors, the rights of such are to be measured by the rights of an execution purchaser, as the attachment but holds the title to the property *in statu quo* until judgment is secured and sale had on execution. In order to determine the intention of the legislature we must look to the whole context of the section and those *in pari materia.*

As stated above, section 6934 only makes a recorded conveyance of real property constructive notice to "subsequent purchasers and mortgagees," while section 6935 declares an unrecorded instrument void as against any "subsequent purchaser and encumbrancer, including an assignee of a mortgage, lease, or other conditional estate." Under the rule of *ejusdem generis,* the phrase "other conditional estate" must be construed to mean "other such like" estates (*Thaanum* v. *Bynum Irrigation District,* 72 Mont. 221, 232 Pac. 528), and can, therefore, refer only to conditional estates created by the owner of the property or by assignment thereof.

Further, section 6935 qualifies the right of the favored persons mentioned, by declaring that the benefit of the statute accrues only to such of those persons whose "conveyance is first duly recorded." The term "conveyance" appears twice

in the section, and yet that term, "as used in the two preceding sections," is declared to embrace those "instruments in writing" enumerated. (Sec. 6936, above.)

In construing a section identical with ours, in connection with a provision that "every grant of an estate in real property is conclusive against the grantor, also everyone subsequently claiming under him, except a purchaser or *encumbrancer,* who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded," the supreme court of California, in *Hoag* v. *Howard,* above, declared that, where the term "instrument" is found in the Codes, "it will be invariably found to indicate some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty," and that, where a word is found repeatedly used in the statutes, it will be presumed to bear the same meaning throughout, unless there is something shown to indicate another meaning. It was there held that a writ of attachment is not such an "instrument" as is contemplated in the recording statutes. This reasoning is sound, and we adopt it. It follows that the term "encumbrancer" as used in section 6935, above, cannot, and does not, include an attaching creditor; had the legislature intended to place such a person within the provisions of the section, it would undoubtedly have done so in express terms.

As the attachment but preserved the property until it could be sold on execution, the rules defining the rights of a purchaser on execution sale must govern the rights of the attaching creditor.

Section 9441, Revised Codes 1921, declares in part: "Upon a sale of real property, the purchaser is substituted to and acquires the right, title, interest, and claim of the judgment debtor." This rule is but declaratory of the well-settled rule of the common law, and of the rule as to attaching creditors, in the absence of special statutory modification, stated above, and by reason thereof it is held in this jurisdiction that

the rule of *caveat emptor* applies to such a sale, and the purchaser acquires only the title of the judgment debtor, subject to all the rights and equities of third persons which are capable of being enforced against the judgment debtor. (*MacGinniss Realty Co.* v. *Hinderager,* 63 Mont. 172, 206 Pac. 436.)

As Salte had no interest in or claim upon the property at the time the writ was levied, the defendants took nothing thereby as against the equitable owner of the property attached, and the plaintiffs were entitled to have their title quieted as against any claim of the defendants here asserted.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.