FIRST NATIONAL BANK OF RAYMOND, RESPONDENT, *v.* CITIZENS' STATE BANK OF DOOLEY ET AL., APPELLANTS.

(No. 6,528.)

(Submitted October 9, 1929. Decided December 31, 1929.)

[283 Pac. 420.]

Mr. *Paul Babcock,* for Appellant, submitted a brief.

*Mr. Howard M. Lewis,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On April 4, 1928, this action was instituted by the plaintiff to recover from the defendant Citizens' State Bank of Dooley the sum of $495, together with interest at the rate of five per cent per annum from November 20, 1926, and to require the other defendants named to submit for adjudication their claims, if any they have, to a sum of money on deposit with the Citizens' State Bank of Dooley. In its complaint the plaintiff bases its right to the money sued for by reason of having been the owner and holder of a certain promissory note, dated November 6, 1924, executed to it for a valuable consideration

by Chas. G. Becklund, payable May 15, 1925, secured by a chattel mortgage of even date covering certain described personal property, which property was by Becklund sold at public auction, and the purchase price thereof received and retained by the Citizens' State Bank of Dooley to the credit of the plaintiff, represented by a certificate of deposit payable on demand, dated November 20, 1926. The defendants Farmers' & Merchants' State Bank, and Rodney Salisbury, as sheriff of Sheridan county, jointly answered claiming superior right to the money so held by the State Bank of Dooley, by reason of a writ of attachment regularly issued out of the district court of Sheridan county on November 3, 1926, in an action by the Farmers' & Merchants' State Bank against Becklund and wife, to recover the sum of $600 with interest due on their promissory note, which writ was on that date duly served upon George Epler, cashier of the Citizens' State Bank of Dooley, and was followed after judgment in that action by a writ of execution served upon the Dooley bank on February 8, 1928. Issue was joined by reply, and the cause was submitted to the court for decision upon an agreed statement of facts. Judgment was entered in favor of the plaintiff, and the defendant Farmers' & Merchants' State Bank has appealed.

Did the court err in entering the judgment?

On November 6, 1924, Charles G. Becklund was indebted to the plaintiff in the sum of $1,485.78, represented by his promissory note of that date, and on October 13, 1925, the indebtedness had been reduced to $450. To secure the original indebtedness, Becklund made, executed and delivered to the plaintiff the chattel mortgage mentioned in plaintiff's complaint, which was duly filed for record on December 1, 1924, and subsequently kept effective. Unless liquidated as hereinafter shown, the indebtedness to the plaintiff has never been fully paid; the mortgage has never been satisfied; the plaintiff is the owner of the note and the mortgage; and the entire amount sued for is due and owing from Becklund to the plaintiff. It appears that Becklund, being unable to fully pay the amount remaining due to the plaintiff, offered to turn the

mortgaged property over to it, suggesting, however, that he expected to hold a public sale of whatever personal property he possessed, and asked the plaintiff to agree to permit him to sell the mortgaged property at such sale, with the understanding that the money representing the proceeds of the sale would be paid to the plaintiff, in which proposal the plaintiff provisionally acquiesced. In furtherance of such arrangement it was thereupon understood and agreed between Becklund, the plaintiff, and the defendant Citizens' State Bank of Dooley, acting through George Epler, cashier thereof, ''that the money arising from the sale of the property mortgaged by Becklund to the plaintiff was to belong to plaintiff, and was to be held by the defendant, Citizens' State Bank of Dooley, and the said Epler, cashier thereof, subject to the plaintiff's orders, and was to be paid over by the Dooley bank to the plaintiff as soon as the sale was over.'' For clerking at the sale it was agreed that the Citizens' State Bank of Dooley should be paid a commission, that bank being in no manner otherwise interested in the property or the money derived from its sale. At a public sale which was held near Dooley at the Becklund ranch on November 3, 1926, the property covered by the mortgage was sold by Becklund to various persons. The proceeds derived from such sale were held and retained by the defendant Citizens' State Bank of Dooley, and deposited therein to the credit of the plaintiff, as evidenced by a certificate of deposit for the sum of $825, made out on November 20, 1926, in plaintiff's favor, which has not been delivered. Becklund and his wife admit their indebtedness to the defendant Farmers' & Merchants' State Bank, and the correctness of the judgment entered thereon against them. In the action last mentioned a garnishment was issued and attached to the writ of attachment in that lawsuit, and such garnishment was directed to George Epler and served upon him at the Becklund ranch the day of the sale, at about the time the sale was concluded. Thereafter, on December 15, 1927, judgment was entered against them in that action in favor of the Farmers' & Merchants' State Bank, and

on February 6, 1928, a writ of execution was served upon the defendant Citizens' State Bank of Dooley. The appellant asserts right to have the money in question applied in satisfaction of its judgment, as against any claim thereto by the plaintiff. The Dooley Implement Company, also a claimant to the money, holding a chattel mortgage, is in the same position as the plaintiff, and its claim, added to plaintiff's, will absorb the entire amount unless the appellant is able to establish superior rights.

The determinative question of law presented for decision in disposition of this appeal is whether the plaintiff by consenting to the sale so waived its right to the mortgaged property in the mortgagor's possession as to permit the appellant herein to hold the proceeds of the property derived from the sale under the latter's attachment, as against the plaintiff.

Upon the facts, there being no fraud shown, the Citizens' State Bank of Dooley became trustee of the money by it received for plaintiff's use and benefit. Therefore, plaintiff did not so relinquish its rights under the mortgage as to permit the appellant to gain superior right to the proceeds of the sale as against the plaintiff by either the attempted attachment or the writ of execution subsequently issued and served.

During the life of the mortgage there can be no doubt but what the mortgagee could have accepted the mortgaged property in satisfaction of the debt without reference to the claims of unsecured creditors; and we can see no possible objection to a sale of the property for like purpose, pursuant to the agreement, through the agency of the mortgagor and the Dooley bank. The mortgagor was not given the right to sell the mortgaged property without reference to the plaintiff's mortgage, but rather with due deference thereto, and in strict subordination thereof. Manifestly, there was no intention of releasing the mortgage security. A wholly different situation would arise if the mortgagee consented to a sale of mortgaged property in the mortgagor's possession without reference to the mortgage. Since the mortgagee could have accepted the mortgaged property in satisfaction of the debt without refer-

ence to the appellants' demand against the debtors, it stands to reason that its rights were not relinquished by such triparty agreement. The Dooley bank, as trustee, represented the mortgagee, and under such contract the mere fact that the sale was conducted by the mortgagor in possession, with the mortgagee's consent, did not result in a relinquishment of the mortgagee's superior claim to the proceeds derived from the sale of the property. Instead of exercising its legal right to accept and receive the mortgaged property in satisfaction of the debt when the same was tendered by the mortgagor, or to foreclose the mortgage as was the plaintiff's right, it agreed that the property, by a sale thereof, should be converted into cash by the mortgagor, the money thereby obtained to be paid directly to the Bank of Dooley and by the latter held as the plaintiff's property and applied in satisfaction of the debt. There was a good and sufficient consideration for this new arrangement respecting the payment of the debt. The debtor was to pay his obligation, the creditor was to have its debt satisfied, and the Bank of Dooley was to be paid a commission of two per cent for receiving the money and applying it in payment of the debt in accordance with this new agreement.

The authorities relied upon by the appellant are not applicable to the facts of this case. Here the agreement was not that the mortgagor in possession of the mortgaged property should be free to sell the property without regard to the mortgage security for the debt, but rather that the property should be sold, and that the proceeds of the sale would thereupon be collected by the Dooley bank and held to the credit of the mortgagee. The mortgage was given special recognition, and provision especially made to guard the property mortgaged for the liquidation of the particular debt for which it was given as security. Such agreement between the parties did not in any manner prejudicially affect the existing status of unsecured creditors. They could have no interest in the mortgaged property, unless prepared to pay the amount due the mortgagee. The record does not disclose the terms of the mortgage agreement, or whether it made provision for summary fore-

closure upon the mortgagors' default, or other provision for expeditious application of the mortgage security in liquidation of the debt; yet, it was within the province of the parties to enter into this new arrangement during the life of the mortgage for the application of the mortgaged property in satisfaction of the debt. There is nothing to show a relinquishment of the lien for a moment, but rather a disposition evidenced to carefully safeguard and protect it. Such an arrangement for liquidation of the debt could have been made a part of the contract in the first instance, and, in the absence of fraud, unsecured creditors will not be heard to complain as respects such a new agreement or modification of the old. By the independent contract for the sale of the property, constituting the Dooley bank depositary of the money to be received for plaintiff's sole use and benefit, the Dooley bank became trustee of such funds upon their receipt upon the sale of the mortgaged property. (Sec. 7885, Rev. Codes 1921.)

From the facts it must be plain that the money in the possession of the Bank of Dooley belongs to the plaintiff in an amount sufficient to satisfy plaintiff's demand, and was therefore unaffected by the attachment and execution issued at the instance of the appellant; it being the universal rule of law that an attaching or execution creditor succeeds to and acquires only the rights of the debtor. (*Oppenheimer* v. *First Nat. Bank,* 20 Mont. 192, 50 Pac. 419.) If the debtor has no property interest in the fund, there is nothing to attach or recover upon an execution.

For the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.