DeFOREST, RESPONDENT, *v.* CASCADE COUNTY, APPELLANT.

(No. 8,254.)

(Submitted November 19, 1941. Decided December 18, 1941.)

[120 Pac. (2d) 425.]

600

*Mr. John D. Stafford,* County Attorney of Cascade County, and *Mr. R. J. Nelson,* Deputy County Attorney, for Appellant, submitted a brief.

*Mr. Palmer Johnson,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was tried to the court without a jury on an agreed statement of facts. The stipulated facts were that on December 6, 1935, plaintiff obtained a judgment in the justice court of Great Falls township against John Dwyer and Donald W. Dwyer. On November 24, 1939, an execution was issued out of the justice court on the judgment in the sum of $312.55 and served upon Cascade county, levying upon all monies, goods, credits, effects and debts owing to either of the defendants John Dwyer and Donald W. Dwyer, and upon all other personal property in the possession or under the control of Cascade county belonging to either of the defendants. No return was ever made

by Cascade county, nor was any money ever paid to or for plaintiff pursuant to the levy.

During the years 1935 to 1938, inclusive, Guy Palagi was sheriff of Cascade county, and Donald W. Dwyer was a deputy sheriff. During those years Donald W. Dyer furnished an automobile used by himself in connection with his duties as deputy sheriff, and by agreement between him and Palagi ''the sums paid and to be paid by Cascade county and others for mileage accrued in connection with the services of Donald W. Dwyer as deputy sheriff were the property of Donald W. Dwyer, and though the mileage was payable and paid to Guy Palagi as sheriff it was, nevertheless, received by Guy Palagi for the use and benefit of Donald W. Dwyer, and was paid over to Donald W. Dwyer or for his use and benefit in every instance.'' The agreement was not known to the county commissioners or county clerk of Cascade county. When the levy was made the county commissioners and county clerk did not know that any mileage was due to Palagi or his deputies for the years 1935 to 1938, inclusive.

On December 30, 1939, Guy Palagi filed a verified claim for mileage in the sum of $631.83 with the county auditor, accompanied with an executed assignment of the same to Donald W. Dwyer. This mileage claim was incurred by Donald W. Dwyer as deputy sheriff for the years 1935 to 1938, inclusive, and was allowed by the county. On April 11, 1940, plaintiff presented his claim for $312.55 against the county, which was disallowed, and this action followed. The court found for plaintiff and entered judgment accordingly. Defendant appealed from the judgment.

Defendant's contention is that the claim for mileage was not one which Donald W. Dwyer, as deputy sheriff, could assert against the county, but that the county's obligation was to Palagi, and, hence, that at the time of the levy it did not have anything in its possession belonging to Donald W. Dwyer. This contention cannot be sustained. If we assume that the claim for mileage under the law can be asserted only by the sheriff and not by the deputy, that arrangement was altered by stipulation of the parties to the effect that such mileage accruing in connec-

tion with the services of the deputy should be the property of the deputy. While the stipulation of facts is not clear as to when that agreement was made, yet it seems apparent from the agreed facts that the agreement was made before the mileage accrued or at any rate some time during the years 1935 to 1938, inclusive, because it is stipulated that the agreement was made in consideration that Donald W. Dwyer furnish his own automobile.

The fact that the stipulation shows that in the practical operation of the agreement, Palagi would receive the mileage but for the use and benefit of Donald W. Dwyer does not alter the conclusion. The rule is that in garnishment "the equitable title to the property sought to be reached will prevail over the bare legal title." (28 C. J., 117 and 118, notes 91 and 92; and 4 Am. Jur., Attachment and Garnishment, sec. 366.)

By statute, section 9452, Revised Codes, the garnishment proceedings against public officers are made applicable to the levy of an execution.

The county contends, however, that it had no knowledge of the agreement. Notice or knowledge was not necessary (5 C. J. 933; 6 C. J. S., Assignments, sec. 74; 28 C. J. 110, 4 Am. Jur., Assignments, sec. 113), unless the county acted to its prejudice before notice (5 C. J. 934; 6 C. J. S., Assignments, sec. 74), which was not done here.

Plaintiff by the levy of execution acquired all the rights against the county which defendant Donald W. Dwyer had at the time of the levy to the extent of plaintiff's claim. (*Oppenheimer* v. *First National Bank of Butte,* 20 Mont. 192, 50 Pac. 419; *Davis* v. *Claxton,* 82 Mont. 574, 268 Pac. 787.)

The court was right in entering judgment for plaintiff. The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.