DOROTHY LOUISE GIBSON, Plaintiff and Appellant, v.
BERT OTIS GIBSON, Defendant and Respondent.

No. 10077.

Submitted May 6, 1960. Decided July 5, 1960.

353 P.2d 344.

Leo J. Kottas, Rankin & Acher, Helena, Thomas F. Murray, Missoula, Leo J. Kottas argued orally for appellant.

Gene A. Picotte, Henry Loble, Patrick F. Hooks, Helena, Gene A. Picotte argued orally for respondent.

HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE BOTTOMLY delivered the Opinion of the Court.

This is an appeal from an order of the district court, directing that a writ of attachment be released and dissolved.

The facts are the appellant, plaintiff below, filed a complaint asserting that a sum of money accrued to her under a foreign divorce judgment of the State of New York. At the time the complaint was filed in the district court summons was issued and an affidavit for attachment filed. The affidavit alleged the indebtedness of defendant, "upon a contract for the direct payment of money, to-wit * * * a judgment." The attachment was issued and a levy was made; the return indicated a levy in accordance with the writ.

After the district court's order on the attachment, an answer was filed to the complaint. The matter now stands on appellant's motion to strike defendant's answer.

One issue is presented for our decision. The facts are not in dispute. The question we must decide may be stated in these words: Is this particular foreign divorce judgment "a contract, express or implied, for the direct payment of money" within the ambit of the terms and meaning of our attachment statute, section 93-4301, R.C.M. 1947?

An attachment is a provisional remedy; it is summary in ·character and ancillary to the action in which it is issued. As this court has explained, it serves to impound and conserve the

530

property as security for the satisfaction of a judgment that may be recovered. Short v. Karnop, 84 Mont. 276, 275 P. 278.

■ Since an attachment is such an extraordinary and summary remedy most courts are inclined to construe the statute strictly in favor of those against whom such a proceeding is employed. See 7 C.J.S. Attachment § 4, p. 190. This court has defined and limited the boundaries of the statute. here involved, by asserting that the contract contemplated be an obligation for a definite sum, unconditional, absolute in character, and payable at a specific time, and free from intervening agencies or conditions, not collateral, nor dependent upon any other agreement. Gilna v. Barker, 78 Mont. 343, 254 P. 169.

The obligation, in the instant case is decretal. Moreover, it has its origin in a divorce action in New York State. The precise question is, does such a divorce judgment satisfy the requirements of our attachment statute and the case law applicable?

■ This judgment in divorce must be tested on the requirement of "an unconditional and absolute obligation to pay money" by a thorough examination of the New York statutes. This is particularly true in case of a judgment in divorce as it is statutory in character. 27A C.J.S., Divorce, § 68, p. 237.

The New York statutes that are relevant indicate the conditional and uncertain character of the divorce judgment here presented. Section 1155, Civil Practice Act (New York Statute), states concerning such a judgment: "The court * * * at any time after final judgment whether heretofore or hereafter rendered, may annul, vary or modify such a direction. Subject to the provisions of section eleven hundred seventy-one-b the authority granted by this section shall extend to unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter."

Further, Section 1170, Civil Practice Act (New York Statute), that concerns itself with the custody and maintenance of children, provides in part: "The court, by order, upon the

application of either party to the action * * * at any time after final judgment, may annul, vary or modify such directions * * * as justice requires * * *. Subject to the provisions of section eleven hundred seventy-one-b the authority granted by this section shall extend to unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter.''

It is evident that this New York judgment is subject to change, alteration, modification and even mutation. Its nature is the exact opposite of unconditional and absolute.

The record here presents a judgment for divorce from the State of New York; it further shows a judgment derived from an interlocutory judgment, after a lapse of three months, on a routine statement of the clerk of court that the defendant has not appeared during the three-month period, nor have any papers been filed. This judgment in its stark simplicity could not be enforced by execution even in New York, the state of its origin. New York's Statute, § 1171-b, Civil Practice Act, provides reduction to judgment for arrearage in these words: ''* * * the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties * * *. The application for such order shall be upon such notice to the husband or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.''

This step to convert into certainty was not taken by the appellant. Wheelock v. Wheelock, 3 A.D.2d 25, 157 N.Y.S.2d 752.

Again, we test the judgment on the requirement, if subject to ''any intervening agency or influence'', by examination of New York statutes and cases. The New York statutes allow modification and cancellation in an almost alarming degree. New York Courts do not consider such a divorce judgment a ''contract express or implied'' nor ''a judgment for a stated sum.''

Southard v. Southard, 133 Misc. 259, 232 N.Y.S. 391, 392; Walker v. Walker, Sup., 91 N.Y.S.2d 450.

It is obvious this judgment fails to meet the minimum requirements of our attachment statute.

Appellant insists that the action of the district court in this case does violence to the full faith and credit doctrine. She relies on Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905. We cannot agree.

The Sistare case was decided before the enactment of the New York statutes applicable to appellant's judgment.

This court has considered the Sistare case. It has said the second part of the rule of that case merits mention when considering divorce judgments.

This court has considered the Sistare case in Espeland v. Espeland, 111 Mont. 365, at pages 375, 376, 109 P.2d 792, 797, where it was said:

"Plaintiff relies on the case of Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905, where the rule is stated thus:

'First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber Case (21 How. 582, 16 L.Ed. 226), "alimony decree to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is." Second, that this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no

application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due.'

"It is clear that the Washington decree comes within the second part of the rule announced in the Sistare case. The court's reservation was such that in an action to enforce the decree, failure on the part of the defendant (plaintiff) to establish the continuance of the wrongful abandonment might result in an order which would reduce her claim for accrued alimony, and further the general reservation in the last sentence quoted is such that other facts might result in a reduction or cancellation of accrued alimony. It cannot be said that the monthly award became absolutely fixed each month under the reservation in the decree and the* lower court's conclusion on this point was correct."

We are bound by the full faith and credit clause only in case of a final judgment. Here, even the rule of comity cannot aid the appellant in light of New York's own view on foreign divorce judgments.

We are aware of the rule in Oregon contrary to the holding in this case. The leading case is Meyer v. Brooks, 29 Or. 203, 44 P. 281, 54 Am.St.Rep. 790, 791. This case concerns a judgment for money owed and the court held *broadly* under the specific facts that a foreign judgment is an action on a contract express or implied, and within the provisions of the Oregon attachment statute. We do not need to distinguish this case for we are limited to the factual sitation presented here.

We hold that the judgment in this particular action is not a contract, express or implied, for the direct payment of money so as to qualify under our attachment statute.

The order of the district court directing the release and dissolution of the writ of attachment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN and ADAIR concur.