LINCOLN TELEPHONE & TELEGRAPH COMPANY, PLAINTIFF, v. WILLIAM ALBERS, COUNTY TREASURER, DEFENDANT.

FILED MARCH 3, 1934. No. 29111.

*Woods, Woods & Aitken,* for plaintiff.

*Paul F. Good, Attorney General,* and *Daniel Stubbs,* for defendant.

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CHAPPELL and REDICK, District Judges.

GOOD, J.

This is an action for a declaratory judgment. The question presented for determination is: Where the first instalment of personal taxes has been paid before such

instalment becomes delinquent, does the second instalment of taxes bear interest from the date the first instalment would have been delinquent, if not paid, or from the date that the second instalment becomes delinquent? The question hinges upon a proper interpretation of chapter 134, Laws 1933, and section 3, ch. 136, Laws 1933.

Chapter 134, Laws 1933, in so far as applicable to the question before us, reads as follows: "All general personal property taxes levied for the state of Nebraska, or for any county, city, village, school district, or other political subdivision therein, shall become due and payable on the first day of November next following the date of levy thereof. One-half thereof shall become delinquent on the first day of December next following the date on which the tax becomes due and payable. The second half thereof shall become delinquent on the first day of July next following the date on which the tax becomes due and payable; provided, however, if the first one-half of such tax be not paid on or before the first day of December then and in that event the entire tax shall become delinquent on the first day of December next following the date on which the tax becomes due and payable. All delinquent taxes shall draw interest at the rate of seven per cent. per annum from the date on which they become delinquent until the date of sale, in case of real property, and until the date upon which distress warrants may issue, in case of personal property. * * * And delinquent taxes on personal property shall draw interest at the rate of ten per cent. per annum from the date upon which distress warrant may lawfully be issued."

Section 3, ch. 136, Laws 1933, reads as follows: "The county treasurer is hereby required, during the month of December of each year after the personal taxes for the year have become delinquent on account of such taxpayer not having paid said personal taxes or the first instalment thereof on December first, as required by law, to notify by mail all persons of the amount of their delinquent personal tax, and that unless the same is paid by Feb-

ruary 1st next following, distress warrant will be issued therefor. The treasurer shall, on the first day of March next after the personal taxes for the last preceding year have become delinquent, collect the same, together with interest and costs of collection, by distress and sale of personal property belonging to the person against whom levied in the manner provided by law for the levy and sale of personal property on execution. Distress warrants shall be issued against all persons having delinquent personal tax for each year, and each such warrant shall include all delinquent personal taxes of the person against whom issued, unless such person shall, on or before March 1st, file with the treasurer an affidavit that he is unable, by reason of poverty, to pay any such tax, in which case distress warrants shall not issue until ordered by the county board, or unless such person shall, on or before March 1st have paid delinquent personal taxes in full with interest at the rate of seven per cent. (7%) per annum or has paid the first instalment of said personal taxes on or before March 1st with interest at the rate of seven per cent. (7%) per annum; provided, if such person, having paid the first instalment of personal taxes on March 1st, as aforesaid, shall fail, refuse or neglect to pay the second instalment of personal taxes due September 1st, then and thereafter distress warrant shall be issued for the amount of the personal taxes due as of September 1st with interest at the rate of nine (9%) per cent. per annum from March 1st until satisfied by distress warrant or otherwise paid."

Chapter 134 and chapter 136 were each enacted at the same session of the legislature. Chapter 134 was approved by the governor on May 10, 1933; chapter 136 was approved May 12, 1933, and contained an emergency clause, while chapter 134 did not contain an emergency clause.

It is contended that there is inconsistency between the two acts, and that when said chapter 136 was enacted there was no provision for paying personal taxes in in-

stalments, because chapter 134 did not become a law until three months after final adjournment of the legislative session at which it was passed, as provided by the Constitution.

We are of the opinion that the two acts, represented by said chapters 134 and 136, were enacted as companion laws, and while an emergency clause was included in chapter 136, it could not operate on the taxes for 1932, and was inoperative until the tax for 1933 was levied, which was not until after chapter 134 was in force.

We are of the opinion that the legislature had power to enact chapter 136, Laws 1933, and that it would become a law, although not operative until there was further legislation. There was then no statute authorizing payment of personal taxes in instalments, but it would become operative and effective when another act was passed providing for the payment of personal taxes in instalments. Chapters 134 and 136 should be construed together and each given effect if possible. A careful examination of chapter 134 and section 3 of chapter 136 does not disclose any inconsistency with reference to the payment of personal taxes in instalments. Chapter 134 provides specifically for the payment of such taxes in instalments and fixes the time when each instalment will become delinquent. Section 3 of chapter 136 deals exclusively with the manner of enforcing payment of personal taxes after they have become delinquent.

We are of the opinion that a taxpayer may lawfully pay his personal taxes in two equal instalments, as provided by chapter 134, Laws 1933, and that, if he pays the first instalment on or before the first day of December following the levy of such tax, then the second instalment does not become delinquent and does not bear interest until the first day of the following July.

Our attention has been called to the fact that there are provisions in some of the home rule charters of cities which make other and different provisions respecting the collection of city taxes in such cities. Whether those pro-

visions are in conflict with the provisions of said chapters 134 and 136, and which would be controlling, is not involved in this action and is not here decided.

From what has been said, it follows that it is the duty of defendant county treasurer to accept and issue receipts for personal taxes in instalments, and to refrain from collecting any interest where such instalments are paid on or before the date they become delinquent.