STATE, EX REL. MILDRED BRAYTON TODD, APPELLANT, V. CLAY THOMAS, COUNTY TREASURER, ET AL., APPELLEES.

FILED NOVEMBER 20, 1934.   No. 28840.

*Guy A. Hamilton,* for appellant.

*J. W. Hammond* and *Waring & Waring, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

CHAPPELL, District Judge.

The sole question for our determination in this case is whether the relator's petition, filed in the district court for Fillmore county, Nebraska, praying for a peremptory writ of mandamus against respondent officers, states a cause of action.

Relator, appellant herein, alleged in the petition in substance that she was at all times the owner and in possession of lot 84 and the west 3 feet of lot 85 in block 5, Geneva, a municipal corporation of the second class, in Fillmore county, Nebraska; that respondents, appellees herein, and each of them were the duly elected, qualified and acting treasurers of said city and county, respectively; that, in pursuance of authority granted by sections 4283 and 4286, Comp. St. 1922, the city of Geneva did on March 6, 1919, by certain ordinances, copies of which are attached to the petition and made a part thereof, create and establish paving district No. 1, and on June 11, 1920, levied an assessment therefor of $1,130.03 upon relator's property above described; that on December 6, 1920, the city authorized the issuance and sale of paving bonds in the sum of $38,000, called district paving bonds of district No. 1, payable serially one-nineteenth on December 1, 1922, to 1940, inclusive, with interest at the rate of 7 per cent. per annum payable semiannually at the office of the county treasurer of Fillmore county, Nebraska, copy of the form of said bonds being attached to the petition and made a part thereof; that said bonds were duly registered as provided by law, and all were sold and are now in the hands of purchasers except those already matured; that none of the bonds contained an option permitting the city to pay the same before they became due and payable; that the proper county and city officers duly certified the unpaid assessments as provided by law, and said taxes have since remained upon the proper tax lists, included therein being the balance against relator's property. No question is raised in the petition as to the legality of any of these proceedings.

Relator further alleges that she has heretofore paid $750.56, with interest at 7 per cent., on all amounts up to June 11, 1932, and there remains unpaid $379.47 which becomes delinquent in the amount of $54.21 June 11, 1933, and June 11 each year thereafter until 1939, inclusive; that for the purpose of paying the balance of such assessment and satisfying and releasing the lien thereof, relator did on January 11, 1933, properly tender to respondents and each of them, the proper authorities, the sum of $379.47, together with $15.50 interest at 7 per cent. per annum from June 11, 1932, to January 11, 1933, and demanded receipt therefor which was refused by respondents and each of them; that relator is now and has been at all times ready; willing and able to pay such sum in discharge thereof, and prays for a peremptory writ of mandamus commanding respondents and each of them to receive and accept said amount in full payment of such assessment, issue receipt therefor and discharge said lien of record against the property.

The question is: Conceding all these facts to be true, can relator pay such paving assessments in full with interest to date of payment at 7 per cent., or must she pay all the assessments with interest at 7 per cent. to maturity of the bonds in 1940?

Section 4283, Comp. St. 1922 (now section 17-432, Comp. St. 1929, as amended by chapter 138, Laws 1923, and chapter 42, Laws 1927), after delegating authority to pave under certain conditions and providing for the levy of assessments for the payment thereof and payment of the same in instalments, provides: "Each of such instalments, except the first, shall draw interest at the rate of not exceeding seven per cent. (6 per cent. as amended in 1927) per annum from the time of the aforesaid levy until the same shall become delinquent: * * * Provided, all of said instalments may be paid at one time on any lot or land within fifty days from the date of the levy without interest, whereby such lot or land shall be exempt from any lien or charge therefor." Section 4286, Comp. St. 1922 (now section 17-435, Comp. St. 1929), provides in part:

"Second. All such assessments shall be known as 'special assessments for improvements,' and shall be levied and collected as a separate tax, in addition to the taxes for general revenue purposes, to be placed on the tax roll for collection, subject to the same penalties and *collected in like manner* as other city or village taxes." (Italics ours.)

The trial court undoubtedly construed that part of section 4283, Comp. St. 1922, above quoted, as limiting the taxpayer's rights solely to the payment of the whole amount within 50 days without interest, or to payment of all unpaid instalments, with interest in full up to and including 1939. We cannot reach this conclusion.

First, there is no privity in this case between the bondholder and the taxpayer. The bonds are only the general obligation of the city to the bondholder, and the taxpayer has no liability thereon or connection therewith as an obligor. The city cannot complain that it must pay interest upon the bonds until maturity. The city is generally liable for the bonds and interest in any event whether the special assessments are ever paid or not. Neither the statute nor the bonds permit any other construction. *Alexander v. Bailey,* 108 Neb. 717; *Colby v. City of Medford,* 85 Or. 485; *United States v. Fort Scott,* 99 U. S. 152; Abbott, Public Securities, 756, secs. 363-366; Comp. St. 1929, sec. 17-585. See section 17-432, Comp. St. 1929, which authorizes the city treasurer to invest any money in the sinking fund in interest bearing time deposit certificates pending final redemption of the paving bonds and to credit the sinking fund with the interest accruing thereon.

We said in *State v. Rowe,* 108 Neb. 232: "A tax law is a legislative enactment which defines the measure of every man's duty in support of the public burdens, and a tax thus imposed is not founded on contract, and does not establish the relation of debtor and creditor between the taxpayer and the state." See, also, *War Finance Corporation v. Thornton,* 118 Neb. 797. "Taxes are not debts in the ordinary sense of that word, but forced contributions

for the support of the body politic." *Geren v. Gruber*, 26 La. Ann. 694. See *Schied's Appeal*, 7 Pa. Co. Ct. Rep. 282. "Taxes are, in legal contemplation, neither debts nor contractual obligations, but are, in the strictest sense of the word, exactions." *Baker v. City of East Orange*, 95 N. J. Law, 365. "Taxes are not debts, but imposts levied by government for its support, or for some special purpose which the government has recognized, and are due to government in its sovereign capacity." *Liberty Mutual Ins. Co. v. Johnson Shipyards Corporation*, 6 Fed. (2d) 752. See *Stripe v. United States*, 269 U. S. 503. Taxes are not debts. A debt is a sum of money due by contract, express or implied. A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract. It does not establish the relation of debtor and creditor between the taxpayer and state. It owes its existence to the action of the legislative power, and does not depend for its validity or enforcement upon the individual assent of the taxpayer. *Perry v. Washburn*, 20 Cal. 318; *Sonnesyn v. Akin*, 12 N. Dak. 227. The form of the procedure to collect taxes cannot change it into a debt or contract obligation. *Moore v. Mitchell*, 281 U. S. 18; *Village of Charlotte v. Keon*, 207 N. Y. 346. The obligation to pay taxes not being contractual, they do not draw interest like ordinary obligations save when the statute so declares. 61 C. J. 72.

Taxing statutes as to special assessments are strictly construed in favor of the taxpayer and against the taxing authority. *State v. Several Parcels of Land*, 83 Neb. 13. A clause, paragraph or provision in a section should be construed in connection with all other clauses, paragraphs and provisions in the same and other sections of the statute connected therewith or relating thereto. 2 Lewis' Sutherland, Statutory Construction (2d ed.) 659, sec. 344; *War Finance Corporation v. Thornton, supra; Hagenbuck v. Reed*, 3 Neb. 17; *McCann v. McLennan*, 2 Neb. 286; *Follmer v. Nuckolls County*, 6 Neb. 204; *Hendrix v. Rieman*, 6 Neb. 516; *City of Lincoln v. Janesch*, 63 Neb. 707;

*State v. Babcock,* 21 Neb. 599; *State v. Fink,* 74 Neb. 641; *Gage County v. Wright,* 86 Neb. 347; *State v. City of Lincoln,* 101 Neb. 57; *Chicago, B. & Q. R. Co. v. School District,* 110 Neb. 459; *Lincoln Telephone & Telegraph Co. v. Albers,* 126 Neb. 329; *State v. Swanson, ante,* p. 806. The court will not read into a statute restrictions or exceptions not made by the legislature. *State v. School District,* 99 Neb. 338; *State v. Marsh,* 108 Neb. 267; *State v. Swanson, supra.*

There is no provision in the sections involved which makes it mandatory for the taxpayer to pay within 50 days without interest or to pay in certain instalments with interest to maturity of all instalments. The taxpayer, therefore, is simply given an option to pay all within 50 days without any interest, to pay all the instalments as they accrue with interest, or to pay in instalments a part of the time and all of the balance at any time with interest to date. With reference to payment in instalments, 44 C. J. 808, reads: "Such provisions are generally construed to confer on a property owner an option to pay in instalments, and not to require him to do so or to prevent him from paying the whole assessment at any time by paying the amount thereof and such interest as he is liable for, at the time of payment." This position is ably supported by the courts of other states. *Eaton v. Hanlon,* 193 Cal. 715; *Morgan v. Figg,* 162 Ky. 5; *Clarke v. City of Evansville,* 75 Ind. App. 500; *Barber Asphalt Paving Co. v. Hayward,* 248 Mo. 280.

The court discovers that section 5998, Comp. St. 1922, as amended by chapter 181, Laws 1927 (now appearing as section 77-1903, Comp. St. 1929), provides: "The treasurer shall receive from any taxpayer at any time, the amount due on account of special assessments of any kind." While this provision was not contained in the law until 1927, it is useful to indicate to the court the legislative intent in the matter of the payment of special assessments. *Chicago, B. & Q. R. Co. v. Amack,* 112 Neb. 437; *Reusch v. City of Lincoln,* 78 Neb. 828; *State v. Omaha Elevator Co.,* 75

Neb. 637; *Campbell v. Youngson*, 80 Neb. 322; *Rohrer v. Hastings Brewing Co.*, 83 Neb. 111; *State v. Hevelone*, 92 Neb. 748; *Nebraska District of Evangelical Lutheran Synod v. McKelvie*, 104 Neb. 93. Respondents admit that the legislative intent is the only question in this case.

Clearly, under the statutes as they now exist, relator herein would have the right to pay the whole balance of the assessment at any time by paying the amount thereof and such interest as she was liable for at the time of the payment. *Gage v. City of Chicago*, 216 Ill. 107; *Hubbell Son & Co. v. Hammill*, 187 Ia. 1083; *Blackwell v. Village of Coeur D'Alene*, 13 Idaho, 357. In the absence of the amendment appearing in section 77-1903, Comp. St. 1929, the same rule applies. See *City of Rolla v. Schuman*, 189 Mo. App. 252, wherein the court said: "There is nothing in the tax bill, or in the law authorizing it to be issued payable in instalments upon a written request of the property owner, that prevents its being paid in full any time after it is so issued." The same rule has been applied in the absence of any express prohibition in the city ordinances. See *Heath v. McCrea*, 20 Wash. 342, wherein the court said: "The fact that an assessment is made payable in instalments does not prohibit the property owner from paying the whole amount at one time, when there is no express prohibition in the ordinance providing therefor."

This court said in *Cornell v. Maverick Loan & Trust Co.*, 95 Neb. 9: "The taxes did not become delinquent until May 1 following. During the interval there is an option to the taxpayer which enables him to anticipate the payment should he so desire." Webster defines the word "anticipate" as "To do, take up, or deal with, before another; to preclude or prevent by prior action. * * * To be before (another) in doing." In this connection we believe that the word "delinquent" carries with it the idea of a previous opportunity to pay. This being true, the statute was intended to require the payment of interest until paid or delinquent. We believe that the portion of the statute which provides that "each of such instalments, except the

first, shall draw interest at the rate of not exceeding seven per cent. per annum from the time of the aforesaid levy until the same shall become delinquent" is simply a limitation upon the rate of interest which may be charged until paid or delinquent. Section 17-432, Comp. St. 1929, has by amendment in 1927 (Laws 1927, ch. 42) reduced it to not exceeding 6 per cent.

With these considerations in mind, we hold that, in the absence of any prohibition in the statutes as they existed in 1920, and in view of the provisions as they then existed and the amendment thereto appearing in section 77-1903, Comp. St. 1929, this court cannot require relator to pay all the interest that she would have to pay if she allowed the instalments to run until their final maturity in 1939. We believe that the legislature did not intend to prevent such payment by any person at any time with interest to date of payment. To hold otherwise would be unjust and inequitable, and cannot be tolerated or enforced by this court. It would amount to taking her property without consideration or compensation therefor, and would not leave her on an equal footing with the property owners who did not see fit to anticipate and pay their assessments until they severally matured. If the payment of interest is considered as a penalty for failure to pay within 50 days, then we have the strange anomaly of,—the sooner the compliance thereafter, the greater the penalty. Our court said in *Howard v. Jensen,* 117 Neb. 102: "The consequences that would result from construing the provisions of a statute should be taken into consideration in determining the intention of the legislature."

The conclusion is that the relator's petition states a cause of action and that the trial court erred when it sustained demurrer thereto and dismissed the action. The judgment of the district court is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED.