### WALKER v. MANN et al.

### No. 9032.

Court of Civil Appeals of Texas. Austin.

July 10, 1940.

Rehearing Denied Sept. 25, 1940.

Wilkinson & Wilkinson, of Brownwood, for appellant.

Gerald C. Mann, Atty. Gen., and Billy Goldberg and Cecil C. Rotsch, Asst. Attys. Gen., for appellees.

Wm. H. Evans, of Lubbock, amicus curiæ.

BLAIR, Justice.

Appellant, J. A. Walker, individually and as independent executor of the estate of his wife, M. Elizabeth Walker, deceased, sued appellees, the State Treasurer, the State

Comptroller, the Attorney General, and the Tax Assessor and Collector of Brown County, to recover the sum of $8,219.90, paid under protest by appellant executor as a part of the inheritance taxes due the State of Texas under its Inheritance Tax Law. Chap. 5, Title 122, R.S.1925, as amended in 1929, Vernon's Ann.Civ.St. art. 7117 et seq. Appellant is the sole beneficiary under the will of his deceased wife's estate, and as executor paid the sum of $49,645.47 as the inheritance taxes levied and assessed against the estate by appellees on a valuation of the net estate at $1,-139,924.45. Appellees refused to permit appellant to deduct from the net value of the estate the sum of $213,502.25, paid as the federal estate taxes due the United States Government under Title 26 U.S.C.A. Int. Rev.Code, § 810 et seq., which deduction, if allowed, would have reduced the state inheritance taxes from $49,645.47 to $41,425.-57, the difference being the $8,219.90 sued for by appellant. The trial court denied any recovery by appellant, hence this appeal.

The case turns upon a construction of the Texas Inheritance Tax Law to determine whether the sum paid to the United States as the federal estate taxes is deductible from the value of the estate in determining the amount due the state as inheritance taxes.

Article 7117, R.S.1925, as amended in 1929, Vernon's Ann.Civ.St. art. 7117, provides: "All property within the jurisdiction of this State, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's general revenue fund in accordance with the following classifications."

Article 7125, R.S.1925, as amended in 1929, Vernon's Ann.Civ.St. art. 7125, provides: "The only deductions permissible under this law are the debts due by the estate, funeral expenses, expenses incident to last illness of deceased, all Federal, State and County and Municipal Taxes due at the time of the death of decedent * * *."

It is the contention of appellant that this "statute expressly limits the tax to the property which actually passed to and for the use of the beneficiary under the will"; and that "the actual market value that is to be taxed must be such value after deducting the incumbrance of the Federal Estate tax."

Appellant further contends that properly construed or interpreted the word "due," as used to enumerate permissible tax deductions, should not be construed as meaning matured, or taxes presently payable, but should be considered in the connection in which it is used as meaning "owing"; and that if the word "due" was not intended to be synonymous with the word "owing", then the word "due" is ambiguous and of doubtful meaning, which doubt should be now resolved in favor of the taxpayer in accordance with established rules of construction of tax statutes.

It was the view of appellees and the trial court that properly construed or interpreted the statutes imposed the inheritance taxes upon the actual market value of the property of the decedent, less only such permissible deductions as were specifically enumerated in Art. 7125, supra. They were also of the view that since Revenue Act of 1935 § 203(a) Title 26, U.S.C. A. Int.Rev.Acts, page 806, provides that "the tax imposed (Federal Estate tax) by this subchapter [title] shall be due and payable fifteen (15) months after decedent's death, and shall be paid by the executor to the collector," it necessarily followed that the phrase, "all Federal * * * Taxes due at the time of the death of decedent," as used in Art. 7125, was not intended to allow the deduction of the federal estate taxes, because same were not "due at the time of the death of decedent." They were further of the view that the phrase, "all Federal * * * Taxes due at the time of the death of decedent," is clear and unambiguous, but if not, then the departmental constructions given this language of the statute since its enactment in 1923, as not allowing the deduction of federal estate taxes in determining the net value of the property subject to the state inheritance tax, should be given proper weight by the courts in now construing the statute. We agree with the construction or interpretation given the Inheritance Tax Law by appellees and the trial court.

As preliminary it may be observed that the parties agree that the Texas Legislature is under no obligation, constitutional or otherwise, to allow the deduction of the amount paid as a federal estate tax

from the net value of the estate of the decedent upon which a state inheritance tax may be levied. Frick v. Pennsylvania, 268 U.S. 473, 45 S.Ct. 603, 69 L.Ed. 1058, 42 A.L.R. 316; Knowlton v. Moore, 178 U.S. 41, 58–60, 20 S.Ct. 747, 44 L.Ed. 969, 976, 977.

■ Also as preliminary to the discussion of the principal question here involved, we hold that the allowance of the federal estate taxes is not authorized by the phrase, "debts due by the estate," as used in Art. 7125. Taxes are not considered as debts in the ordinary sense of the word. 1 Cooley on Taxation, 4th Ed., 88; 26 Ruling Case Law, 25; 61 C.J. 70; Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197; State v. Thomas, 127 Neb. 891, 257 N.W. 265, 96 A. L.R. 1470; Derry Township School District v. Barnett Coal Co., 332 Pa. 174, 2 A. 2d 758; State v. Hirst, 53 Wyo. 163, 79 P. 2d 489; Brunner v. Morrison, 123 N.J.Eq. 224, 196 A. 716; Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356; Forest City Mfg. Co. v. Levy, Mo. App., 33 S.W.2d 984; People v. Bank of Rushville, 355 Ill. 336, 189 N.E. 299; City of Sapulpa v. Land, 101 Okl. 22, 223 P. 640, 35 A.L.R. 872; Moore v. Mitchell, 2 Cir., 30 F.2d 600, 65 A.L.R. 1354. And if the Legislature had intended that the phrase, "debts due by the estate," should include taxes, it would have said so, and would not have by other language specifically enumerated certain taxes which may be deducted in determining the value of the estate subject to the state inheritance tax. In view of these conclusions, the sole question for determination is whether by the language, "the only deductions permissible under this law are * * * all Federal * * * Taxes due at the time of the death of decedent," the Legislature intended to not allow the deduction of federal estate taxes in determining the value of the property subject to the State Inheritance Tax Law.

■■ It will be observed that the statute quoted was intended as one of limitation because it states that "the only deductions permissible" are those specifically enumerated therein. It does not enumerate all federal or other taxes, but limits the deductions to "taxes due at the time of the death of decedent." This language is significant when viewed in the light of the Federal Estate Tax Law, which provides "that the tax imposed * * * shall be

due and payable fifteen months after the decedent's death." Manifestly, the Legislature did not intend to allow as deductions taxes not "due at the time of the death of decedent." The Federal Estate Tax Law has always provided that such taxes are not due at the time of the death of the decedent, but that they become "due and payable" under the act, as amended in 1935, "fifteen months after the decedent's death," instead of one year as the act had provided since its enactment in 1916. It is also of importance to note that approximately two years prior to the enactment of the Texas Inheritance Tax Law, the Supreme Court of the United States held in the case of United States v. Woodward, 256 U.S. 632, 41 S.Ct. 615, 616, 65 L.Ed. 1131, that the federal estate tax became "due not at the time of the decedent's death, as suggested by counsel for the government, but one year thereafter, as the statute plainly provides." With this provision of the federal law, and this court decision construing it, in view at the time the Legislature enacted our State Inheritance Tax Law, we think it is clear that the Legislature did not intend to allow as deductions federal estate taxes due and payable at that time one year after the death of the decedent; because it specifically provided that "the only deductions permissible under this law are * * * all Federal * * * Taxes due at the time of the death of decedent."

■■ Nor do we sustain the contention of appellant that the word "due", as used in allowing permissible tax deductions, should be considered as meaning "owing". The Legislature did not use the word "owing", which it could have easily done if it had so desired. Nor did it use the word "due" as including all taxes whether payable in praesenti or in futuro, but by clear and specific language limited the deduction of taxes to those "due at the time of the death of decedent." Appellant's interpretation of the word "due" as meaning "owing", and as including taxes "due and payable" in the future, would add to the statute the word "owing"; and would strike from it the phrase, "due at the time of the death of decedent." If, however, the word "due" may be considered as being synonymous with the word "owing", then the federal estate taxes in question were not owing "at the time of the death of decedent," because under the federal law, and

the court decision construing it, they became "due and payable fifteen months after the decedent's death."

Appellant further contends that since the rights of both the State and Federal government to collect their respective taxes arise at the time of the death of the decedent, it should be held that the federal estate taxes in question became due at the time. In support of this contention, appellant cites the case of Old Colony Trust Co. v. Burrill, 238 Mass. 544, 131 N.E. 321, 16 A.L.R. 689, which holds that the rights of both the State and the Federal government to their respective taxes vest at the time of the death of the decedent. The fact, however, that such rights do so vest at the time of the death of the decedent is not material and has no relation to the time the statutes in question make the taxes due and payable, which is the matter specifically dealt with by each of these statutes. That is, the federal statute plainly provides that federal estate taxes are "due and payable fifteen months after the decedent's death." The Texas statute plainly provides that "only * * * Federal * * * Taxes due at the time of the death of decedent" are deductible in determining the net value of the estate subject to the inheritance tax. Manifestly, the Legislature did not intend by this quoted language to allow the deduction of federal estate taxes which were not due at the date of the death of the decedent, but became "due and payable fifteen months after the decedent's death."

The contention of appellant that "the great weight of authority is to the effect that the Federal Estate tax should be deducted from the gross estate before the inheritance tax is computed and paid," is not material if true, because the question of what deductions are allowable in determining the net value of the estate subject to the inheritance tax is determined by statutory provision. Suffice it to say that 47 states have enacted inheritance tax laws, some 27 of which either tax only the net estate, or expressly provide for the deduction of federal estate taxes; 19 do not allow their deduction; and one state allows their deduction in part. Thus it is shown that the question of deductions is not based upon weight of authority, but upon whether or not the particular state statute allows or denies the deduction of federal estate taxes in determining the net value of the estate subject to the inheritance tax. No court has construed our statute as allowing such deduction, and no decision of another state having a statute similar to ours has been cited or found which construes its statute as allowing the deduction of federal estate taxes. The several cases cited by appellant from other jurisdictions are not in point. Most of these cases are from states which have no statutory provision for deductions, and of course the courts hold that since the statutes make no provision as to federal estate taxes, their deduction should be allowed in determining the net value of the estate subject to the inheritance tax. Other cases cited hold that the particular statute construed authorized their deduction. So, it is manifest that the weight of authority is not involved, and in so far as conflict is concerned it is more apparent than real, because the statutes of the several states differ both as to the wording and the meaning of the various legislative acts. No case is cited by appellant which directly or by reasonable analogy aids in the construction of our statute to determine whether the Legislature intended to allow as deductions federal estate taxes "due and payable" under the federal law fifteen months after the death of the decedent, when it specifically provides by Art. 7125 that "the only deductions permissible under this law are * * * all Federal * * * Taxes due at the time of the death of decedent."

But appellant contends that the language last quoted is ambiguous and of doubtful meaning, which doubt should be resolved in favor of the allowance of the deduction of federal estate taxes in determining the net value of the estate subject to the inheritance tax. As herein stated we think the language of both the federal and the state statutes in question is plain and unambiguous and does not authorize the deduction of federal estate taxes in determining the net value of the estate for inheritance tax purposes. If, however, we should be mistaken in this view, then the departmental constructions or interpretations given these statutes for a period of about seventeen years should be given proper weight in now construing the statutes as not allowing the deduction of the federal estate taxes. An opinion of the Attorney General to the State Comptroller in 1925, ruled that "the amount due as Federal Estate tax is not deductible under our statute." An opinion of another Attor-

·ney General to another State Comptroller in 1934, also ruled that the language "Federal taxes due at the time of death of decedent," did not include federal estate taxes. So far as this record reveals, no State Comptroller has ever construed the statutes otherwise, and the deduction of the federal estate tax has never been allowed. The tax in question is "a source of revenue, the consideration of which is one of the primary duties of the Legislature," and since it has apparently acquiesced in the departmental construction of the statutes in question for a period of seventeen years, and if the statutes are of doubtful meaning, then they should now be given that construction placed upon them for such a long period of years by the departments of government having charge of their enforcement. Houston & T. C. Ry. Co. v. State, 95 Tex. 507, 521, 68 S.W. 777; Ramsey v. Tod, 95 Tex. 614, 69 S.W. 133, 136, 93 Am.St.Rep. 875; McCallum v. Associated Retail Credit Men, Tex.Com.App., 41 S.W. 2d 45.

Our views, as above expressed, are limited to a consideration of the deductibility of the federal estate tax. This tax did not arise until after the death of the deceased and was therefore in no sense a charge of any character against her or against her property at the time of her death.

We believe it was the clear intention of the lawmakers to allow deduction of all federal and state taxes which constitute a charge against the deceased or against her property at the time of her death, whether or not then due in the sense that they are then payable. Ad valorem real estate taxes become a lien on the property as of January 1st of the year for which they are assessed. They cannot be paid, however, until September of that year. Should the owner die between January 1st and September 1st, his real property would devolve upon heirs or beneficiaries charged with a lien to secure the taxes thereon for the current year. It was no doubt the intention of the legislature to include such taxes in the allowed deductions. The department has uniformly so construed the statute. The same departmental construction is given the federal act. See U.S. Treas. Dept. Estate Tax Regulations 80, p. 69, Art. 37.

The judgment of the trial court is affirmed.

Affirmed.