## FEDERAL LAND BANK OF WICHITA, KAN., v. HOWELL.

### No. 2272.

Circuit Court of Appeals, Tenth Circuit.

Oct. 13, 1941.

Rehearing Denied Nov. 13, 1941.

Donald I. Mitchell, of Wichita, Kan. (W. E. Pepperell, Conrad I. Ball, J. P. Flinn, and Edw. H. Jamison, all of Wichita, Kan., on the brief), for appellant.

Wm. G. Davisson, of Ardmore, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Thomas P. Howell, Jr., herein called the debtor, filed his petition for relief under section 75, subs. a–r, of the Bankruptcy

Act, 11 U.S.C.A. § 203, subs. a–r. Having failed to effect an agreement with his creditors, the debtor asked to be adjudged a bankrupt under section 75, sub. s, and an order of adjudication was entered on May 18, 1936. In December, 1936, the court set aside certain land for the use and benefit of the bankrupt, fixed the rental to be paid therefor, and stayed all judicial and other official proceedings against the debtor for a period of three years. In October, 1938, the court entered an order terminating the proceedings as to all future action under section 75, providing that the order of adjudication should remain undisturbed, and referring the proceeding to the referee for further proceedings in ordinary bankruptcy. By a second supplemental amended petition, filed in November, 1938, to which schedules were attached, the debtor prayed that all further proceedings in the cause be had under and in accordance with the provisions of the bankruptcy laws to the end that his estate be accordingly administered and liquidated; and in December, 1938, he filed a petition for discharge. The Federal Land Bank of Wichita, Kansas, a creditor, objected on two grounds. The referee heard the matter, evidence was adduced, and a report was made recommending that the discharge be granted. The court denied the objections and exceptions of the Federal Land Bank and entered a decree granting the discharge, from which this appeal was taken.

■ The first question presented relates to the time within which a petition for discharge must be filed. Section 14, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, provides that it may be filed after the expiration of one month and within the next twelve months subsequent to the adjudication, and that in the event its filing within that time is unavoidably prevented the judge may allow it to be filed within but not after the next six months. The power to grant a discharge is conferred by the statute and is governed by the limitation fixed in respect to the time for the filing of the petition therefor. Failure to file the petition within the time fixed forecloses the right to a discharge and the court is without jurisdiction to grant it upon petition subsequently filed. Loughran v. Hazleton Mercantile Co., 3 Cir., 218 F. 619. Cf. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Bacon v. Buffalo Cold Storage Co., 5 Cir.,

193 F. 34, certiorari denied, 225 U.S. 701, 32 S.Ct. 836, 56 L.Ed. 1264; Holmes v. Davidson, 9 Cir., 84 F.2d 111.

■ But this proceeding was initiated under section 75, subs. a–r, of the Bankruptcy Act, and the order of adjudication was entered under subsection s of that section. 11 U.S.C.A. § 203. Rehabilitation of distressed debtors was the legislative purpose of that section, as distinguished from the primary purpose of an ordinary proceeding in bankruptcy, namely the discharge of the bankrupt from his personal obligations and the full or pro rata payment of his debts through liquidation of the assets belonging to his estate. John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 108 F.2d 832.

■ Subsections a–r concern themselves with compositions and extensions. Subsection s provides at the outset that a debtor who has failed to obtain the requisite acceptance of a proposed compromise or extension, or who feels aggrieved by the composition or extension, may by amended petition or answer in the proceeding ask to be adjudged a bankrupt; and that at the same time he may ask that his property be appraised, that the property which is exempt under state law be set aside to him, and that he be allowed to retain possession of the remainder of his property, under the terms and conditions set forth in the section. Paragraph (1) is addressed to the setting aside of exempt property for the use and benefit of the debtor and his retention of the balance of his property. Paragraph (2) is directed to the staying of judicial proceedings against the debtor for a period of three years, and to permitting him to retain possession of his property during such period. Paragraph (3) provides that at the end of three years, or prior thereto, the debtor may pay into court a certain amount, according to the appraised or reappraised value of the property of which he has retained possession, including the amount of the encumbrances on his exemptions; provides that upon payment of such sum into court, the full title and possession of the property shall be turned over to the debtor, free and clear of encumbrances; provides that upon written request of any secured creditor or creditors, the property on which such creditor or creditors have a lien shall be sold

at public auction, and that the debtor shall have the right to redeem within ninety days; provides that the debtor may apply for his discharge, as provided for in the act; and provides that in the event he fails to comply with the provisions of the section, or of any order of the court entered pursuant to such section, or is unable to refinance himself within three years, the court may appoint a trustee and order the sale or other disposition of the property as provided for in the act. It is manifest that paragraph (3) addresses itself primarily to steps which may be taken within three years after adjudication. It provides at the very beginning that at the end of three years, or prior thereto, the debtor may pay a certain sum into court, and that thereupon the title and possession of the property of which he has been permitted to retain possession shall be delivered to him, free and clear of encumbrances. Then follows the provision for sale at public auction of property covered by a lien, with the right of the debtor to redeem. Added to that provision is the language expressly giving to the debtor the right to apply for a discharge, as provided for in the act. And then immediately thereafter is the concluding provison to the effect that in the event the debtor fails to comply with any provision contained in the section, or any order made pursuant to the section, or is unable to refinance himself within three years, a trustee may be appointed and disposition made of the property. In other words, the paragraph begins with steps which may be taken at the end of three years, or prior thereto; it concludes with a provision for the appointment of a trustee and the sale of the property if the debtor is unable to refinance himself within three years; and the provision giving to the debtor the right to apply for a discharge finds itself positioned between such beginning and such concluding provisions.

▮▮ It is a cardinal rule of universal application that the legislative intent controls in the exposition of statutes. That intention is to be derived from a view of the whole and every part of the statute, considered together and in the light of the general purpose of the act. And when words, phrases, clauses, sentences or provisions are not explicit, the intention is to be collected from the context, the tenor, the spirit, the occasion and necessity of the law, and the remedy in view. United States v. Oregon Short Line R. Co., 9 Cir., 113 F.2d 212, certiorari denied, 311 U.S. 679, 61 S.Ct. 47, 85 L.Ed. ——; Berry v. Atlantic Greyhound Lines, 4 Cir., 114 F.2d 255; Frederick Iron & Steel Co. v. Page, 165 Md. 212, 166 A. 738; State v. Thomas, 127 Neb. 891, 257 N.W. 265, 96 A.L.R. 1470; Smith v. Thompson, 219 Iowa 888, 258 N.W. 190; Short v. Karnop, 84 Mont. 276, 275 P. 278; Young v. Board of Trustees, etc., 90 Mont. 576, 4 P.2d 725; Haney v. City of Nashville, 158 Tenn. 423, 14 S.W.2d 728; State v. Griggs, 227 Ala. 681, 151 So. 850. So construed, subsection s indicates a legislative intent to authorize a debtor proceeding under its provisions to make application for discharge at any time within three years after entry of the order of adjudication. This petition was filed within that time and therefore was not too late.

▮ The remaining question is whether the debtor violated an order of the court requiring payment of rental and was therefore without right to a discharge. By the order entered in December, 1936, the court set aside certain real estate for the use and benefit of the debtor for a period of three years from June 2, 1936, "on condition that the Bankrupt pay an annual rental for said premises of one-third of the corn and feed crops and one-fourth of the cotton produced thereon, said rental to be paid not later than the 15th day of December, 1936, * * *." In March, 1937, an order was entered fixing the rental on certain land for that year "at the sum of $500.00, one-half of said amount payable on or before August 1, 1937, and the balance payable on or before December 1, 1937," and fixing the rental on other land for that year "at one-third of the corn, grain, and feed crop, and one-fourth of the cotton, cotton-seed, and 50% of the pecans gathered from said land, said rental to be paid on or before November 15, 1937, * * *." No other order in respect to rental was made or entered. The rental was paid for 1936 and 1937, but not for 1938. The conciliation commissioner testified that he did not make any order relating to the rental for that year; that it was his understanding that the same rental required in 1937 was to be paid; that he notified the debtor by letter two or three times; that the debtor came to see him; that they discussed the matter; and that the commissioner was under the impression that the debtor understood that he was to pay $500 and intended to do so.

The debtor testified that he went voluntarily to see the commissioner about the rental for 1938; that the commissioner did not tell him what to do; that no order or direction was given him concerning the matter; that nothing was said about it after June; and that he received written statements for 1936 and 1937, but none for 1938. It is the contention of the objecting creditor that the failure to pay rental for 1938 constituted a violation of the order entered in December, 1936, and for that reason the discharge was improvidently granted. That order stayed all judicial proceedings for a period of three years, from June 22, preceding, on condition that an annual rental be paid to consist of a part of the crops raised. But that provision was immediately followed by the added provision that "said rental to be paid not later than the 15th day of December, 1936." The order entered in March, 1937, clearly superseded the earlier order in respect to the rental for that year. The debtor received written statements in 1936 and 1937, but none in 1938. Obviously substantial uncertainty existed in respect to the rental for 1938. It is not unreasonable to say that the debtor was confused about the matter. The burden was on the objecting creditor to show a violation of an order requiring payment of rental for that year. Cf. In re Neiderheiser, 8 Cir., 45 F.2d 489; Hedges v. Bushnell, 10 Cir., 106 F.2d 979. The trial court heard the testimony, construed its own order, and determined that no violation had occurred which called for denial of the discharge. We see no basis for disturbing the action taken.

Affirmed.