

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 8, 1961

Honorable Robert S. Calvert          Opinion No. WW-1000
Comptroller of Public Accounts
Capitol Station                      Re:  Deductibility of the
Austin, Texas                             commissions of an
                                          executor or an adminis-
                                          trator for inheritance
Dear Mr. Calvert:                         tax purposes.

        We quote the following excerpt from your letter requesting
our opinion on the above captioned matter.

> "We desire the opinion of your office
> with respect to the proper handling of
> claimed deductions for the fees of an
> executor/administrator for inheritance
> tax purposes.

> "For the past twenty-five years, this
> department has disallowed fees claimed
> by an executor or administrator when the
> executor or administrator was the sole
> heir or legatee of an estate, because
> these fees did not pass out of the estate.
> However, it has been our policy to allow
> these fees when either the executor or
> administrator was not an heir or legatee
> of an estate, because the heirs or legatees
> received the estate minus the fees of the
> executor/administrator.

> "Since Article 14.10, Chapter 14, Title
> 122A, does not provide for a deduction of
> this nature, we wish to be advised whether
> or not our policy is correct."

        The pertinent provisions of Article 14.10, Chapter 14,
Title 122A, 20A, Taxation-General, Vernon's Annotated Texas
Statutes, are the following:

> "The only deductions permissible under
> this law are the debts due by the estate,
> funeral expenses, expenses incident to the
> last illness of the deceased, which shall

be due and unpaid at the time of death,
all Federal, State, County, and Municipal
taxes due at the time of the death of the
decedent, attorney's fees and Court costs
accruing in connection with the assessing
and collecting of the taxes provided for
under this Chapter, . . . A full state-
ment of facts authorizing deductions must
be made in duplicate under oath by the
executor, administrator, or trustee, and
one copy filed with the county clerk and
the other with the Comptroller, before any
deductions will be allowed."

We think that Article 14.09, Ch. 14, Tit. 122A, 20A,
Tax.-Gen., V.A.T.S., must also be considered in determining
an answer to the question presented. This article reads as
follows:

"If a testator bequeaths or devises to
his executor or trustee, property in lieu
of commission, the value of such property
in excess of reasonable compensation, as
determined by the county judge and the
Comptroller, shall be subject to taxation
under this Chapter."

We recognize at the outset that Article 14.10, formerly
Article 7125, Vernon's Annotated Civil Statutes, listing
permissible deductions in determining the amount due the
State as inheritance taxes is one of limitation and that our
courts have so held. Walker v. Mann, 143 S.W.2d 152 (Civ.App.
1940, error ref.). Clearly the fees or commissions of an
executor or administrator are not among the enumerated allow-
able deductions. However, we think that your policy in
allowing these fees as a deduction when either the executor
or administrator was not an heir or legatee of the estate
has been correct. We quote the following excerpt from an
annotation in 92 A.L.R. entitled "Deduction of Commissions
of Executors, Administrators or Trustees in Computing Succes-
sion or Estate Tax" at pages 537, 538:

"One of the items universally recognized
as a proper deduction in the computation of
succession and estate taxes is the expense
of administering on the estate. Ordinarily,
the statute imposing the tax expressly pro-
vides for this deduction. Where not expressly
provided for--as under some of the earlier
New York statutes--the deduction has been

allowed by the courts upon the ground
that the tax is only upon the amount of
the assets actually passing to the heir
or legatee, and therefore necessarily
excludes such of the assets as are used
to pay administration expenses.

"That commissions of an executor or
administrator are an 'expense of adminis-
tration' is too obvious to require citation
of authority. As said in the reported case
(SCOTT V. COMMISSIONER OF INTERNAL REVENUE
(C.C.A. 8th) ante, 531): 'Obviously,
commissions allowable and paid to executors
under the laws of the state of administration
are administration expenses.'

"It follows, therefore, that commissions
of an executor or administrator must be
allowed as a deduction in determing the net
estate subject to a succession or estate
tax. This rule may be said to be supported
by all of the cases cited in the present
annotation. The rule being universally
recognized, it remains only to discuss such
questions as arise out of its application
in particular cases, such as questions relating
to the computation of the commissions, the
particular kind of commissions included with-
in the rule, etc. . ."

If there were any question as to the soundness of this
conclusion, and we think there is none, all doubts would be
resolved by the provisions of Article 14.09 above quoted. In
expressly providing that in those instances in which a testator
bequeathed or devised to his executor or trustee property in
lieu of a commission only the value of such property in excess
of reasonable compensation would be subject to an inheritance
tax, the Legislature, by implication, has recognized that in
other cases such commissions will be deducted before computing
the inheritance taxes due the State. See cases cited in 92
A.L.R., supra, 549.

We pass now to a consideration of whether your department
has been correct in disallowing commissions claimed by an
executor or administrator when the executor or administrator
was the sole legatee or heir of an estate. We have concluded
that the fact that an executor or an administrator is the sole
beneficiary or heir does not, of itself, constitute a reason

for refusing to allow a deduction for commissions. In such cases, the commissions are allowed as compensation for services rendered and are received as such, rather than as a devise or bequest or an inheritance from the decedent.

Numerous problems may arise in connection with the allowance of an executor's or administrator's commissions as deductions. Although you have not specifically requested our opinion as to these problems, we think that we should call a few of them to your attention since, although the result we have reached may be said to be the general rule and that usually the full amount of such commissions are deductibile, this rule cannot be universally applied. For example, since in Texas the entire community estate is liable for the debts of the husband and is subject to administration by his executor, the amount of commissions which may be deducted will vary with the facts of each case. Another case presenting special problems would be that in which the debts and expenses exceed the probate estate as, for example, where the decedent has exercised a power of appointment or made a transfer in trust reserving a life interest, or made a transfer in contemplation of death. Special deduction problems might arise in those cases in which Texas is the domiciliary state but administration expenses are incurred, not only in connection with the Texas estate, but also in connection with assets located and administered in another state or states.

The foregoing examples do not encompass all the possible situations in which the general rule as to the deductibility of the commissions of an executor or an administrator would not be followed. We mention them as an example of the questions which may arise in the administration of our inheritance tax statutes. If and when such questions do arise, you may properly request an opinion of this office on the particular fact situation involved.

## S U M M A R Y

The general rule is that the commissions of an executor or an administrator should be allowed as a deduction in computing the inheritance taxes due the State even if the executor or administrator is the sole heir or legatee; however, this general rule is subject to qualification under various fact situations.

MMP:cm
APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

Grundy Williams
Martin Destefano
W. Ray Scruggs

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt