REQUESTED BY: Michael J. Owens, Hamilton County Attorney.
A second class city adopted a resolution in 1974 levying special assessments for street improvements. The resolution provided that assessments upon becoming delinquent, were to be charged interest at the rate of 9 percent per annum. Pursuant to the provisions of LB 933, what interest rate should the county treasurer collect on such special assessments?
The maximum legal rate of interest provided for under section 45-101.03, which presently is 16 percent.
You have pointed out in your letter that the City Council of Aurora has adopted a resolution which levied assessment for a street improvement district. That resolution provided for a rate of interest of 9 percent per annum on delinquent special assessment installments. At the time of the adoption of that resolution 9 percent was the maximum authorized interest rate under section 17-515, R.R.S. 1943.
In the past legislative session LB 933 was adopted, Eighty-sixth Legislature, Second Session, 1980. In subsection 7 in section 18, section 77-515(4) was amended. Prior to the amendment this provision authorized an interest rate set by the city council until each installment became delinquent. After delinquency the interest rate was to be at a rate `not exceeding 9 percent per annum' That language was stricken by the amendment and in its place was inserted the following language, `equal to the maximum rate of interest allowed per annum under section 45-101.03, as such rate may from time to time be adjusted by the Legislature.' Section45-101.03 was amended by the Eighty-sixth Legislature in LB 276 to provide a maximum rate of interest of 16 percent.
We believe that the plain language of the statute answers the question in that the interest rate after the installments become delinquent must be at 16 percent. We hasten to point out that we are not suggesting that this statute authorizes a change in the rate of interest established by the city council on annual payments for special assessments that are not delinquent but are paid on time at the rate of interest specified by the adopting ordinance of the city council. This enhanced interest rate applies only to special assessments due on an annual basis which become delinquent.
This is made clear by subsection 2 of section 17-515. That section provides:
 "Such assessments for paving, . . . shall become delinquent in equal annual installments over such period of years, not to exceed fifteen, as the council or board of trustees may determine at the time of making the levy, the first such equal installment to become delinquent in fifty days after the date of such levy."
The increased rate will be applicable to all annual installments which become delinquent after the effective date of the act or which are delinquent on the effective date of the act. The interest rate to be paid on taxes is that in effect at the time of payment. That rate relates back to the date from which the delinquency accrues. See Opinion No. 81, Report of the Attorney General, 1969-1970, page 121. A copy of which is enclosed with this opinion. We reaffirm the views stated in that opinion.
Additional support for the conclusions therein reached can be found in the case of State ex rel. Todd v. Thomas,127 Neb. 891, 257 N.W.2d 265 (1934). In that case the court made clear that taxes are not a contractual obligation but rather are an extraction made for the purpose of supporting governmental operations. Thus the rate of interest to be applied to delinquent taxes under the cited sections is the legal rate of interest established by the Legislature from time to time. At the time of the writing of this opinion that rate is 16 percent. That is the rate which must be applied to the delinquent special assessments collected after the date of this act.
We recognize the inherent problem existing with this conclusion where the city council was authorized under prior law to establish a rate of interest on delinquent special assessments at some rate less than the then effective legal rate. However we perceive no right existing for a taxpayer to determine that he should be entitled to allow either his taxes or special assessments to become delinquent upon some theory that he has a right to a specific rate of interest on those delinquencies. The interest applied on delinquencies is for the purposes of encouraging payment and is no part of any contract. As such we perceive no legal right existing to have continued in effect an interest rate established on delinquencies at some prior time by a levying body where the Legislature through a subsequent enactment has determined that a different interest rate should be applied in such cases.